Xia ZHU, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.

No. 04–5278–AG.

United States Court of Appeals, Second Circuit.

Feb. 22, 2006.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

a decision of the Board of Immigration Appeals ("BIA"), is DENIED.

Xia Zhu petitions for review of the BIA September 24, 2004 decision affirming the decision of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003).

Zhu argues that the IJ's findings were not supported by substantial evidence. Many if not all of the findings underlying the IJ's adverse credibility determination were highly speculative.[2] However, the IJ found in the alternative that, even if Zhu was credible, the facts she alleged were not sufficient to give rise to a well-founded fear. Because this finding was valid, we deny the petition. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006) (noting that "a petition challenging a rejection of an asylum claim [may] be denied despite errors committed by the IJ" when "the IJ explicitly relies on a valid alternative ground for denying relief that is not tainted by error").

Dehai Zhang, Flushing, New York, for Petitioner.

David D. Hagler, Assistant United States Attorney (Drew H. Wrigley, United States Attorney, on the brief), District of North Dakota, Bismarck, North Dakota, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of February, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review of

---

2. For example, the IJ found that Zhu's testimony was contradicted by a neighbor's letter that failed to mention a December 2000 visit to Zhu's house by authorities, although Zhu never claimed that the neighbor was aware of that visit. The IJ also found that the authorities were aware of Zhu's uncle's address, citing his household registration booklet, but that booklet listed as his uncle's address Zhu's residence, where the uncle *formerly* lived.

The IJ also apparently based two findings (the implausibility of Zhu successfully leaving China on her own passport, and the implausibility of Zhu's father, despite being in hiding, using his own name on the return address of a letter) on the IJ's personal belief, unsupported by evidence in the record, that the Chinese national authorities keep track of locally-sought Falun Gong practitioners.

To demonstrate a well-founded fear, an applicant must show both a subjective fear and "other proof or objective facts that lend support to the applicant's subjective fear." *Guan Shan Liao v. U.S. Dept. of Justice*, 293 F.3d 61, 67 (2d Cir.2002). Zhu argues that because she formerly practiced Falun Gong, she is in danger of persecution if she is returned to China. She argued to the IJ that she is also in danger because her father and his best friend practiced Falun Gong and had been questioned by authorities.

The State Department reports in the record indicate that the Chinese government is engaged in a broad crackdown of Falun Gong practitioners. Although this crackdown is not limited to Falun Gong activists, protesters, or leaders, the State Department reports suggest that enforcement measures against ordinary Falun Gong practitioners are directed at forcing them to renounce their practice. Because Zhu has voluntarily stopped the practice Falun Gong, it was reasonable to find that she had little to fear from such efforts. Zhu has not pointed to anything in the record suggesting that former Falun Gong practitioners or those related to Falun Gong practitioners are in danger of persecution. The IJ's finding that the record did not show an objectively reasonable basis for Zhu's fear was thus supported by substantial evidence and in turn supported the denial of Zhu's asylum and withholding of removal claims.

As Zhu failed to raise her CAT claim before the BIA or in this Court, the claim is unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.